IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE FLOYD, | CASE NO. CV-F-03-6155 REC DLB HC |
|     Petitioner, | ORDER REGARDING PETITIONER'S MOTION TO COMPEL |
| vs. | [Doc. 31] |
| A.K. SCRIBNER, | ORDER DIRECTING RESPONDENT TO FILE A RESPONSE TO ORIGINAL PETITION |
|     Respondent. | ORDER DISREGARDING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE |
| _____/ | [Doc. 32] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on August 25, 2003. On June 18, 2004, the Court granted Petitioner's request to withdraw the unexhausted double jeopardy claim and hold the petition in abeyance while Petitioner exhausted that claim in the state courts. The petition was stayed and Petitioner was ordered to file a status report every sixty days. On October 27, 2004, the stay was lifted and Petitioner was ordered to file an amended petition to include the previously unexhausted double jeopardy claim. Petitioner submitted an amended petition on November 29, 2004.

    On December 13, 2004, the Court directed Respondent to file a response to the petition. In that

order, the Court directed the Clerk of Court to serve upon Respondent a copy of the original and amended petition.

On March 10, 2005, Respondent filed his answer to the petition. Respondent only addressed the Double Jeopardy Claim, the sole claim raised in the amended petition.

On March 25, 2005, Petitioner filed a motion to compel Respondent to answer the claims raised in the original petition.

On April 18, 2005, Respondent filed an opposition, arguing that, absent prior court approval, Local Rule 15-220 requires that an amended pleading be complete in itself without reference to prior pleadings. Respondent submits that Petitioner did not seek prior approval to deviate from Local Rule 15-220.

Although Respondent is correct that Petitioner did not seek prior approval to deviate from Local Rule 15-220, in that an amended petition must be complete in itself, the Court by this order will construe Petitioner's March 25, 2005, filing as a request for such approval.

In light of the fact that the amended petition filed on November 29, 2004, made reference to the claims raised in the original petition, and the Court's December 13, 2004, order directed the Clerk of Court to serve a copy of the original and amended petition on Respondent, instead of expending the time in requiring Petitioner to resubmit an amended petition including all the claims, the Court finds the more efficient option is for Respondent to simply respond to the original petition on file with the Court and served upon him pursuant to the Court's December 13, 2004, order. In the same vein, the Court acknowledges that Respondent's position is correct, and by virtue of Petitioner including only the newly exhausted claim in the amended petition, Respondent was only required to respond to that claim. Pursuant to Local Rule 15-220, Petitioner should have filed an amended petition including all the claims. That said, given the procedural posture of this case, the Court finds the most efficient option is for Respondent to file a response to the claims raised in the original petition.

Accordingly, it is HEREBY ORDERED that:

1. Within forty-five (45) days from the date of service of this order, Respondent shall file a response to the claims raised in the original petition, filed 25, 2003, at Court Document 1;

2

2. Within thirty (30) days from the date that Respondent's answer is filed, Petitioner may file a traverse;

3. In light of this order, Petitioner's April 18, 2005, request for an extension of time to file a traverse, is disregarded as MOOT; and

4. All other provisions set forth in the Court's December 13, 2004, order remain in full force and effect.

IT IS SO ORDERED.

Dated:     **April 22, 2005**                                 **/s/ Dennis L. Beck**
3b142a                                                  UNITED STATES MAGISTRATE JUDGE